## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. MCP 60699,<br><br>Plaintiffs,<br><br>v.<br><br>BOQUERON COMMUNICATION GROUP (V.I.), INC., and AMERITECH UTILITY GROUP, LTD.<br><br>Defendants. | Civil Action No. 2013-0062 |

**Attorneys:**
**Neal R. Novak, Esq.,**
Chicago, IL
   *For Plaintiff*

**Kevin A. Rames, Esq.,**
**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
   *For Defendants*

### MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER is before the Court on the "Notice of Dismissal" ("Dismissal Notice") (Dkt. No. 129) filed by Plaintiffs Certain Underwriters at Lloyd's London Subscribing to Policy No. MCP 60699 ("Plaintiffs") and the "Motion for Attorneys' Fees and Costs" (Dkt. No. 130) filed by Defendant Boqueron Communication Group (V.I.), Inc.'s ("BCG").

In its Dismissal Notice, Plaintiffs purport to dismiss the case pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Plaintiffs assert that the parties in *Krysta*

*Paddie v. Ameritech Utility Group, Ltd., et al.*, Case No. SX-12-CV-363 have "settled and resolved" their dispute. (Dkt. No. 129, at 1). Plaintiffs further assert that they "discharged all their obligations in said action, including both their duties to defend and indemnify, rendering the instant coverage dispute moot." *Id.*

Thereafter, BCG filed its Motion for Attorneys' Fees and Costs and accompanying Memorandum in Support (Dkt. Nos. 130; 131). In that Motion, BCG contends that Plaintiffs' dismissal of the instant declaratory judgment action transformed BCG into the prevailing party in this case under Fed. R. Civ. P. 54(d) and 5 V.I.C. § 541. (Dkt. Nos. 130 at 1; 131 at 5-8). Based upon its claim to be the prevailing party, BCG seeks to recover $118,543.00 in attorneys' fees and $6,150.21 in costs incurred in defending against Plaintiffs' claims. (Dkt. No. 130 at 1). Plaintiffs have responded to BCG's Fees Motion by arguing that the Court lacks jurisdiction to consider BCG's Motion in light of its filing of a "Notice of Voluntary Dismissal." (Dkt. No. 132 at 2-3).

"Rule 41(a)(1) allows a plaintiff who *complies with its terms* to dismiss an action voluntarily and without court intervention." *Brooks v. Samuel*, 2020 WL 3547487, at *1 (M.D. Pa. June 30, 2020) (citing *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987)) (emphasis added). The Court notes, however, that Plaintiffs did not comply with the terms of Rule 41(a)(1)(A)(i) because the Notice was filed after BCG had filed its Answer. (Dkt. No. 4).[1] Thus, the Notice of Dismissal did not serve to dismiss this case. *See Carroll v. E One Inc.*, 893 F.3d 139, 145 (3d Cir. 2018) (Rule 41(a)(1) Notice of Dismissal was improper after defendant filed its answer); *Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009)

---

[1] Rule 41(a)(1)(A)(i) provides, *inter alia*, that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; . . . "

(stipulation which was not executed by all parties who had appeared as required by Rule 41(a)(1)(A)(ii) was ineffectual and time for appeal did not begin to run until district court order).[2]

Although both Plaintiffs and BCG assume that this matter effectively has been dismissed, it has not. Moreover, under the circumstances here, the Court will not *sua sponte* treat Plaintiffs' Notice of Dismissal as a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2). Accordingly, the Court finds that Plaintiffs "Notice of Dismissal" (Dkt. No. 129) is ineffectual and rejects the same. Further, because the action remains pending, BCG's "Motion for Attorneys' Fees and Costs" (Dkt. No. 130) based on Fed. R. Civ. P. 54(d) and 5 V.I.C. § 541 will be denied as premature.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiffs' "Notice of Dismissal" (Dkt. Nos. 129) is **REJECTED** and is deemed a nullity; and it is further

**ORDERED** that BCG's "Motion for Attorneys' Fees and Costs" (Dkt. No. 130) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case as **OPEN;** and it is further

**ORDERED** that the case is set for a status conference before the undersigned Judge on **Thursday, January 7, 2021, at 10:00 a.m.** by videoconference; and it is further

**ORDERED** that at the status conference, the parties shall be prepared to discuss further proceedings in this matter; and it is further

**ORDERED** that the Clerk's Office shall contact counsel to provide the necessary call-in information to participate; and it is further

---

[2] In light of Plaintiff's noncompliant Notice of Voluntary Dismissal, the Clerk of Court should not have closed this case absent an Order from the Court, pursuant to Rule 41(a)(2).

**ORDERED** that the general public shall have access to the status conference via teleconference by contacting 1-888-390-1828 and entering Access Code 5987498#.

**SO ORDERED.**

Date: December 23, 2020  _____/s/_____
WILMA A. LEWIS
Chief Judge